TODD A. FREALY (SBN 198780)
taf@lnbyg.com
ANTHONY A. FRIEDMAN (State Bar No. 201955)
aaf@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for John P. Pringle, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re**<br><br>**VANTAGE STEEL INTERNATIONAL, INC.,**<br><br>           **Debtor.** | **CASE NO.: 2:22-bk-10748-WB**<br><br>**Chapter 7**<br><br>**Adv. No.: 2:24-ap-       WB**<br><br>**COMPLAINT TO:** |
| **JOHN P. PRINGLE, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF VANTAGE STEEL INTERNATIONAL, INC.,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**IVORY CROWN, INC.,**<br><br>        **Defendant.** | **(1)   AVOID AND RECOVER FRAUDULENT TRANSFERS;**<br>**(2)   AVOID AND RECOVER PREFERENTIAL TRANSFERS;**<br>**(3)   TO PRESERVE RECOVERED TRANSFERS FOR BENEFIT OF DEBTOR'S ESTATE; AND**<br>**(4)   DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)]**<br><br>**[11 U.S.C. § 544 and California Civil Code § 3439 et. seq. and 11 U.S.C. §§ 502, 547, 548 and 550]** |

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff John P. Pringle, not individually but solely in his capacity as Chapter 7 Trustee (the "Plaintiff" or "Trustee") for the bankruptcy estate of Vantage Steel International, Inc. (the "Debtor"), alleges and avers as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and 11 U.S.C. §§ 544, 548 and 550 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

2.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O).

3.      The Trustee consents to entry of final orders and judgments by the Bankruptcy Court.

4.      Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

## PARTIES AND GENERAL ALLEGATIONS

5.      A voluntary Chapter 7 bankruptcy petition was commenced by the Debtor on February 11, 2022 (the "Petition Date").

6.      On or about February 11, 2022, the Trustee was appointed as Chapter 7 Trustee for the Debtor's bankruptcy estate, a capacity in which he continues to serve.

7.      The Trustee is informed and believes, and based thereon alleges that defendant Ivory Crown, Inc. (the "Defendant") is an Oregon corporation authorized to do business in Portland, Oregon and is subject to the jurisdiction of this Court.

## **GENERAL ALLEGATIONS**

8.      The Trustee is informed and believes, and based thereon alleges that, prior to the Petition Date, the Debtor maintained a checking account with Open Bank, bearing account ending xxxxxx2777 (the "Debtor Bank Account").

9.      The Trustee is informed and believes, and based thereon alleges that, on June 4, 2020, the Debtor and Defendant entered into a promissory note whereby the Debtor purportedly borrowed $150,000 from Defendant with the unpaid principal and accrued interest to be paid in full to Defendant on June 4, 2021 (the "June 4, 2020 Promissory Note").   A true and correct copy of the June 4, 2020 Promissory Note is attached hereto as **Exhibit "A"** and is incorporated herein by reference.  The Trustee further is informed and believes, and based thereon alleges that, the Debtor did not repay the June 4, 2020 Promissory Note pursuant to the terms of the June 4, 2020 Promissory Note.

10.      The Trustee is informed and believes, and based thereon alleges that, on April 2, 2021, the Debtor and Defendant entered into a promissory note whereby the Debtor purportedly borrowed $10,000 from Defendant with the unpaid principal and accrued interest to be paid in full to Defendant on May 2, 2021 (the "April 2, 2021 Promissory Note").   A true and correct copy of the June 4, 2020 Promissory Note is attached hereto as **Exhibit "B"** and is incorporated herein by reference.  The Trustee further is informed and believes, and based thereon alleges that, the Debtor did not repay the April 2, 2021 Promissory Note pursuant to the terms of the April 2, 2021 Promissory Note.

11.      The Trustee is informed and believes, and based thereon alleges that, on September 27, 2021, the Debtor and Defendant entered into a promissory note whereby the Debtor purportedly borrowed $20,000 from Defendant with the unpaid principal and accrued interest to be paid in full to Defendant on October 27, 2021 (the "September 27, 2021 Promissory Note"). A true and correct copy of the June 4, 2020 Promissory Note is attached hereto as **Exhibit "C"** and is incorporated herein by reference.   The Trustee further is informed and believes, and based

thereon alleges that, the Debtor did not repay the September 27, 2021 Promissory Note pursuant to the terms of the September 27, 2021 Promissory Note.

12.    The Trustee is informed and believes, and based thereon alleges that, on October 6, 2021, the Debtor and Defendant entered into a promissory note whereby the Debtor purportedly borrowed $30,000 from Defendant with the unpaid principal and accrued interest to be paid in full to Defendant on November 6, 2021 (the "October 6, 2021 Promissory Note").   A true and correct copy of the June 4, 2020 Promissory Note is attached hereto as **Exhibit "D"** and is incorporated herein by reference.  The Trustee further is informed and believes, and based thereon alleges that, the Debtor did not repay the October 6, 2021 Promissory Note pursuant to the terms of the October 6, 2021 Promissory Note.   Collectively, the June 4, 2020 Promissory Note, April 2, 2021 Promissory Note, April 2, 2021 Promissory Note and the September 27, 2021 Promissory Note shall be referred to as the "Notes".

13.    The Trustee is informed and believes and based thereon alleges that during the four-year period prior to the Petition Date, the Debtor made transfers to the Defendant from the Debtor Bank Account totaling not less than $210,000.00 (the "4 Year Transfers"). Details of the Transfers are set forth in **Exhibit "E"** hereto and are incorporated herein by reference.

14.    The Trustee is informed and believes and based thereon alleges that during the 2-year period prior to the Petition Date, the Debtor made a transfer to the Defendant, totaling not less than $190,000.00 from the Debtor's Bank Account (the "2 Year Transfer"). Details of the 2 Year Transfer is set forth in **Exhibit "F"** hereto and is incorporated herein by reference

15.    The Trustee is informed and believes and based thereon alleges that during the ninety-day period prior to the Petition Date, the Debtor made a transfer to the Defendant totaling not less than $190,000.00 from the Debtor's Bank Account (the "90 Day Transfer"). Details of the 90 Day Transfer is set forth in **Exhibit "G"** hereto and is incorporated herein by reference.

16.    The Trustee is informed and believes and based thereon alleges that the 90 Day Transfer from the Debtor to the Defendant were payments to an insider (as that term is defined by

11 U.S.C. §101(31)(B)) of the Debtor.  Collectively, the 4 Year Transfers, the 2 Year Transfer, and the 90 Day Transfer may be referred to as the "Transfers".

17.    The Trustee is informed and believes, and based thereon alleges that the payments made by the Debtor from the Debtor Bank Account to Defendant exceed the amounts of the Notes thus the amounts that exceeded the Notes were not for the benefit of the Debtor, or the payments were not made in the ordinary course and no new value was given by Defendant for the payments.

18.    The Transfers, and each of them, were transfers of an interest of the Debtor in property because the Transfers, and each of them, were of money originating from the Debtor Bank Account to Defendant.

19.    Trustee reserves his right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to (i) allege further information regarding all Claims for Relief, including additional transfers of interests in the Debtor's assets or additional liabilities incurred by the Debtor, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint, including the date upon which this original Complaint was filed.

## FIRST CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(1) and 3439.07]**

20.    The Trustee incorporates herein by this reference paragraphs 1 through 19, inclusive, of this Complaint as if set forth in full herein.

21.    The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date the Debtor maintained at least one general unsecured creditor having standing to

bring these claims under state law.

22.    The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 4 Year Transfers, and each of them, to Defendant.

23.    The Trustee is informed and believes, and based thereon alleges that, during the four years preceding the Petition Date, the Debtor transferred to Defendant the 4 Year Transfers, and each of them, for no or little consideration.

24.    The Trustee is informed and believes, and based thereon alleges that the 4 Year Transfers, and each of them, to Defendant were made with the actual intent to hinder, delay and defraud Debtor's creditors.

25.    The 4 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

## SECOND CLAIM FOR RELIEF

### (Against Defendant To Avoid And Recover Fraudulent Transfers)

### [Avoidance And Recovery Of Fraudulent Transfers Pursuant To

### 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.04(a)(2) and 3439.07]

26.    The Trustee incorporates herein by this reference paragraphs 1 through 25, inclusive, of this Complaint as if set forth in full herein.

27.    The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

28.    The Trustee is further informed and believes, and based thereon alleges that, that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 4 Year Transfers, and each of them, to Defendant.

/ / /

29.    The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the 4 Year Transfers, and each of them, to Defendant without receiving a reasonably equivalent value in exchange for the property transferred.

30.    The Trustee is informed and believes, and based thereon alleges that at the time the Debtor made the 4 Year Transfers, and each of them, to Defendant, the Debtor was engaged or about to engage in a business or a transaction for which the Debtor's remaining assets were unreasonably small in relation to such business or transaction.

31.    The Trustee is informed and believes, and based thereon alleges that at the time of the 4 Year Transfers, and each of them, the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

32.    The 4 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

### THIRD CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 544(b) and 550(a) and California Civil Code § 3439.05 and 3439.07]**

33.    The Trustee incorporates herein by this reference paragraphs 1 through 32, inclusive, of this Complaint as if set forth in full herein.

34.    The Trustee is informed and believes, and based thereon alleges that, as of the Petition Date, the Debtor maintained at least one general unsecured creditor having standing to bring these claims under state law.

35.    The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 4 Year Transfers, and each of them, to Defendant.

/ / /

36.     The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the 4 Year Transfers, and each of them, to Defendant without receiving a reasonably equivalent value in exchange.

37.     The Trustee is informed and believes, and based thereon alleges that the Debtor was insolvent at the time the 4 Year Transfers, and each of them, were made or became insolvent as a result of the 4 Year Transfers, and each of them.

38.     The 4 Year Transfers, and each of them, constitute fraudulent transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq. and, therefore, are avoidable by the Trustee.

**FOURTH CLAIM FOR RELIEF**

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**[Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 548(a)(1)(A) and 550(a)]**

39.     The Trustee incorporates herein by this reference paragraphs 1 through 38, inclusive, of this Complaint as if set forth in full herein.

40.     The Trustee is informed and believes, and based thereon alleges that during the two (2) year period preceding the Petition Date, the Debtor transferred the 2 Year Transfer to or for the benefit of Defendant.

41.     The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 2 Year Transfer to Defendant.

42.     The Trustee is informed and believes, and based thereon alleges that the Debtor transferred the 2 Year Transfer to the Defendant for no or little consideration.

43.     The 2 Year Transfer was made by the Debtor to Defendant with the actual intent to hinder, delay or defraud the Debtor's creditors.

44.     The 2 Year Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 548 and, therefore, is avoidable by the Trustee.

## FIFTH CLAIM FOR RELIEF

**(Against Defendant To Avoid And Recover Fraudulent Transfers)**

**(Avoidance And Recovery Of Fraudulent Transfers Pursuant To**

**11 U.S.C. §§ 548(a)(1)(B) and 550(a))**

45.     The Trustee incorporates herein by this reference paragraphs 1 through 44, inclusive, of this Complaint as if set forth in full herein.

46.     The Trustee is further informed and believes, and based thereon alleges that, no contractual relationship existed between the Debtor and Defendant which would have otherwise caused the Debtor to transfer the 2 Year Transfer to Defendant.

47.     The Trustee is informed and believes, and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the 2 Year Transfer.

48.     The Trustee is informed and believes, and based thereon alleges that, by virtue of the 2 Year Transfer, the Debtor was insolvent or became insolvent as a result of such transfer of the 2 Year Transfer.

49.     The Trustee is informed and believes, and based thereon alleges that, by virtue of the 2 Year Transfer, the Debtor was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

50.     The Trustee is informed and believes, and based thereon alleges that, by virtue of the 2 Year Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

51.     The 2 Year Transfer constitutes a fraudulent transfer under 11 U.S.C. §§ 544 and 548 and, therefore, are avoidable by the Trustee.

/ / /

## SIXTH CLAIM FOR RELIEF

### (Against Defendant To Avoid And Recover Preferential Transfer)

### (Avoid Preferential Transfer - 11 U.S.C. § 547(b) and 550(a))

52.     The Trustee incorporates herein by reference the foregoing paragraphs 1 through 51, of this Complaint as if set forth in full herein.

53.     The Trustee is informed and believes, and based thereon alleges that the 90 Day Transfer was a property interest of the Debtor.

54.     The Trustee is informed and believes, and based thereon alleges that the 90 Day Transfer was made to Defendant for the benefit of the Defendant, who was a creditor of the Debtor at the time of the 90 Day Transfer.

55.     The Trustee is informed and believes, and based thereon alleges that the 90 Day Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendant before the 90 Day Transfer was made.

56.     The Trustee is informed and believes, and based thereon alleges that the 90 Day Transfer was made while the Debtor was insolvent.

57.     The Trustee is informed and believes, and based thereon alleges that the 90 Day Transfer was made during the ninety (90) days before the Petition Date.

58.     The Trustee is informed and believes, and based thereon alleges that the 90 Day Transfer enabled Defendant to receive more than it would have received if:

        (a)     the case were a case under chapter 7 of Title 11;

        (b)     the 90 Day Transfer had not been made; and

        (c)     Defendant received payment of the debt to the extent provided under Title 11 of the United States Code.

59.     Accordingly, the 90 Day Transfer may be avoided pursuant to 11 U.S.C. § 547(b).

60.     The Trustee is entitled to an order and judgment under 11 U.S.C. § 547 that the 90 Day Transfer is avoided and recovered for the benefit of the Debtor's creditors.

## SEVENTH CLAIM FOR RELIEF

### (Against Defendant To Recover Transfers)

### (Recovery Of Transfers Pursuant To 11 U.S.C. § 550)

61.     The Trustee incorporates herein by this reference paragraphs 1 through 60, inclusive, of this Complaint as if set forth in full herein.

62.     The Trustee is informed and believes, and based thereon alleges that, to the extent Defendant is not the initial transferee of the Transfers, and each of them, referred to in this Complaint, the Defendant is the immediate or mediate transferee of the initial transferee of the Transfers, and each of them.

63.     Upon avoidance of the Transfers, and each of them, under the Claims for Relief alleged herein, the Trustee is entitled to recover the Transfers, and each of them, from Defendant as an initial transferee, the immediate or mediate transferee of such initial transferee, or an entity for whose benefit the Transfers, and each of them, were made pursuant to 11 U.S.C. § 550.

## EIGHTH CLAIM FOR RELIEF

### (Against Defendant For Disallowance Of Claim – 11 U.S.C. § 502(d))

64.     The Trustee incorporates herein by this reference paragraphs 1 through 63, inclusive, of this Complaint as if set forth in full herein.

65.     The Defendant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or the Defendant received avoidable transfers under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

66.     The Defendant has not paid the amount, or turned over any such property for which the Defendant is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

67.     Pursuant to 11 U.S.C. § 502(d), the Defendant's claims, to the extent that the Defendant asserts a claim or claims, should be  disallowed .

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Trustee prays for judgment as follows:

On the First Claim for Relief:

A.    For a determination by the Court that the 4 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550, and California Civil Code §§ 3439 et seq.;

B.    For a judgment against Defendant avoiding the 4 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

C.    For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief:

D.    For a determination by the Court that the 4 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq.;

E.    For a judgment against Defendant avoiding the 4 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

F.    For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

G.    For a determination by the Court that the 4 Year Transfers, and each of them, are fraudulent transfers within the meaning of 11 U.S.C. §§ 544 and California Civil Code §§ 3439 et seq.;

H.    For a judgment against Defendant avoiding the 4 Year Transfers, and each of them, and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

I.    For such other and further relief as the Court deems just and proper.

On the Fourth Claim for Relief:

      J.     For a determination by the Court that the 2 Year Transfer is a fraudulent transfer within the meaning of 11 U.S.C. §§ 548(a)(1)(A) and 550;

      K.     For a judgment against Defendant avoiding the 2 Year Transfer and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

      L.     For such other and further relief as the Court deems just and proper.

On the Fifth Claim for Relief:

      M.     For a determination by the Court that the 2 Year Transfer is a fraudulent transfer within the meaning of 11 U.S.C. §§ 548(a)(1)(B) and 550;

      N.     For a judgment against Defendant avoiding the 2 Year Transfer and recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

      O.     For such other and further relief as the Court deems just and proper.

On the Sixth Claim for Relief:

      P.     For a determination by the Court that the 90 Day Transfer was a preferential transfer within the meaning of 11 U.S.C. §§ 547 and 550;

      Q.     For a judgment against Defendant avoiding the 90 Day Transfer and recovering the transferred property or the value of such property for the benefit of the Debtor's bankruptcy estate; and

      R.     For such other and further relief as the Court deems just and proper.

On the Seventh Claim for Relief:

      S.     For a judgment against Defendant recovering the transferred property or the value of such property for the benefit of Debtor's bankruptcy estate; and

      T.     For such other and further relief as the Court deems just and proper.

///

<u>On the Eighth Claim for Relief:</u>

U.    For a judgment against Defendant, pursuant to 11 U.S.C. § 502(d), that Defendant's claims, to the extent that the Defendant asserts a claim or claims, be disallowed; and

V.    For such other and further relief as the Court deems just and proper.

<u>As to All Claims for Relief:</u>

W.    For costs of suit incurred herein, including, without limitation, attorneys' fees.

X.    For such other and further relief, which this Court deems just and appropriate.

DATED: February 8, 2024

LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.

By:  /s/ Anthony A. Friedman
        TODD A. FREALY
        ANTHONY A. FRIEDMAN
Attorneys for Plaintiff, John P. Pringle,
Chapter 7 Trustee for the Bankruptcy Estate
of Vantage Steel International, Inc.

# EXHIBIT "A"

### *PROMISSORY NOTE*

$150,000.00                                    Date: June 04, 2020

For value received, the undersigned Vantage Steel International of 19143 Hamilton Ave Unit 1, Gardena, California 90248 (the "Borrower"), promises to pay to the order of Ivory Crown, Inc. of 539 SE Division Place, Portland, California 97202 (the "Lender"), the sum of $150,000.00 with interest from June 04, 2020, on the unpaid principal at the rate of 10% per annum.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in full on June 04, 2021 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## III. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

    6) the insolvency of the Borrower;

    7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## IV. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## V. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VI. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## VII. SIGNATURES

This Note shall be signed by _CHUN LEE_ on behalf of Vantage Steel International, and _Kevin Lee_ on behalf of Ivory Crown, Inc..

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this __4th__ day of __JUNE__, __2020__, at _____,
_____ .

Borrower:
Vantage Steel International

By: _____     Date: __6/4/2020_____
_____

Lender:

By: _____     Date: __6/4/2020_____
_____

EXHIBIT "B"

### PROMISSORY NOTE

$10,000.00                                    Date: April 02, 2021

For value received, the undersigned Vantage Steel International of 19143 Hamilton Ave Unit 1, Gardena, California 90248 (the "Borrower"), promises to pay to the order of Ivory Crown, Inc. of 539 SE Division Place, Portland, California 97202 (the "Lender"), the sum of $10,000.00 with interest from April 02, 2021, on the unpaid principal at the rate of 10% per annum.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in full on May 02, 2021 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## III. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

    6) the insolvency of the Borrower;

    7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## IV. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## V. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VI. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## VII. SIGNATURES

This Note shall be signed by ___CHUN LEE___ on behalf of Vantage Steel International, and ___Kevin Lee___ on behalf of Ivory Crown, Inc..

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this _2nd_ day of _APRIL_ _2021_, at _____,
_____ .

Borrower:
Vantage Steel International

By: _____    Date: _4/2/2021_
_____

Lender:

By: _____    Date: _4/2/2021_
_____

EXHIBIT "C"

### PROMISSORY NOTE

$20,000.00                                                  Date: September 27, 2021

For value received, the undersigned Vantage Steel International of 19143 Hamilton Ave Unit 1, Gardena, California 90248 (the "Borrower"), promises to pay to the order of Ivory Crown, Inc. of 539 SE Division Place, Portland, California 97202 (the "Lender"), the sum of $20,000.00 with interest from September 27, 2021, on the unpaid principal at the rate of 10% per annum.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in full on October 27, 2021 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## III. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

    6) the insolvency of the Borrower;

    7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## IV. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## V. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VI. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## VII. SIGNATURES

This Note shall be signed by ___CHUN LEE___ on behalf of Vantage Steel International, and ___Kevin Lee___ on behalf of Ivory Crown, Inc..

### [SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this _27_ day of ___SEPTEMBER__, _2021_, at _____,
_____ .

Borrower:
Vantage Steel International


By: _____          Date: _____9 / 27 / 2021_____
_____


Lender:


By: _____          Date: _____9 / 27 / 2021_____
_____

# EXHIBIT "D"

*PROMISSORY NOTE*

$30,000.00                                      Date: October 06, 2021

For value received, the undersigned Vantage Steel International of 19143 Hamilton Ave Unit 1, Gardena, California 90248 (the "Borrower"), promises to pay to the order of Ivory Crown, Inc. of 539 SE Division Place, Portland, California 97202 (the "Lender"), the sum of $30,000.00 with interest from October 06, 2021, on the unpaid principal at the rate of 10% per annum.

## I. TERMS OF REPAYMENT

### A. Payments

The unpaid principal and accrued interest shall be payable in full on November 06, 2021 (the "Due Date").

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## III. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    1) the failure of the Borrower to pay the principal and any accrued interest when due;

    2) the liquidation, dissolution, incompetency or death of the Borrower;

    3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

    4) the application for the appointment of a receiver for the Borrower;

    5) the making of a general assignment for the benefit of the Borrower's creditors;

    6) the insolvency of the Borrower;

    7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## IV. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## V. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VI. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of California.

## VII. SIGNATURES

This Note shall be signed by _CHUN LEE_ on behalf of Vantage Steel International, and _Kevin Lee_ on behalf of Ivory Crown, Inc..

### [SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this ___6th___ day of ___ocrBER 2021___, at _____,
_____ .

Borrower:
Vantage Steel International


By: _____          Date: ___10 / 6 / 2021_____
    _____


Lender:


By: _____          Date: ___10 / 6 / 2021_____
    _____

# EXHIBIT "E"

Vantage Steel International, Inc.

Filing:  2:22-bk-10748-WB

Filing date:  2/11/22

Sources:  Debtor's Accounting Records, Bank Statements

Disbursements Within Four Years Pre-petition

| GL Date | Name | Credit |
|---------|------|--------|
| 10/31/2019 | IVORY CROWN INC. | 20,000.00 |
| 11/19/2021 | Ivory Crown Inc | 190,000.00 |
| | **Total Disbursements:** | **210,000.00** |

# EXHIBIT "F"

## Vantage Steel International, Inc.

Filing:  2:22-bk-10748-WB

Filing date:  2/11/22

Sources:  Debtor's Accounting Records, Bank Statements

Disbursements Within Two Years Pre-petition

| GL Date | Name | Credit |
|---------|------|--------|
| 11/19/2021 | Ivory Crown Inc | 190,000.00 |
| | **Total Disbursements:** | **190,000.00** |

# EXHIBIT "G"

Vantage Steel International, Inc.

Filing: 2:22-bk-10748-WB

Filing date: 2/11/22

Sources: Debtor's Accounting Records, Bank Statements

Disbursements Within 90 Days Pre-petition

| GL Date | Name | Credit |
|---|---|---|
| 11/19/2021 | Ivory Crown Inc | 190,000.00 |
| | **Total Disbursements:** | **190,000.00** |

Menchaca & Company, LLP